FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICAH NYE,<br><br>                Plaintiff,<br><br>      v.<br><br>VICTORIA TAPIA, Lt. DANIEL HOLLIBAUGH, Sgt. JOHN D. TURNER, JEFFREY A. UTTECHT, and DEPARTMENT OF CORRECTIONS,<br><br>                Defendants. | No.  4:21-cv-05099-SMJ<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS** |

Before the Court, without oral argument, is Defendants' Motion for Judgment on the Pleadings, ECF No. 9, to which Plaintiff filed a response, ECF No. 13. Having reviewed the file, the Court is fully informed and, as explained below, grants judgment and dismisses the claims in part. To the extent Plaintiff brings procedural due process claims and claims under the Washington State Constitution, both of which Defendants did not address in their motion, those claims survive. Accordingly, the Court addresses the Plaintiff's First and Sixth Amendment and

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS – 1

access of courts claims and permits Plaintiff time to amend his complaint and clarify his procedural due process claims and his Washington state law claims.

**BACKGROUND**

In 2018, Plaintiff pleaded guilty to two counts of first-degree rape of a child and was sentenced to prison. ECF No. 9 at 2. In September 2018, while Plaintiff was incarcerated at the Coyote Ridge Corrections Center (CRCC), Plaintiff was in the process of appealing a state criminal conviction by attempting to withdraw his plea of guilty. *See* ECF No. 3-1 at 3–4. As a part of that effort, Plaintiff contacted defense attorney Jeff Staples, who purportedly sent Plaintiff a box containing "defense-related documents." *Id.* In the "From:" section of the package, was handwriting listing "Jeff Staples," "Attorney at Law," and an address in Vancouver, Washington. ECF No. 3-1 at 11.[1] Plaintiff alleges Jeff Staples was his defense attorney of record for his criminal proceedings. ECF No. 13 at 4.

CRCC staff, outside the presence of Plaintiff, opened the package, in which they claimed to discover "sexually explicit material that due to nature of the crime may be deemed to be intended for sexual gratification." ECF No. 3-1 at 10. Staff

---

[1] The package is stamped "Not Marked Legal," which presumably comes from CRCC staff. *See* ECF No. 3-1 at 11. The stamp plays no part in the Court's decision to grant judgment on the pleadings.

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS – 2

also indicated that the package's contents were covered in an "oil like stain of an unknown substance contaminating all contents." *Id.* Given this, CRCC mailroom staff did not forward the mail to Plaintiff, and they eventually destroyed the package and its contents. *Id.* Plaintiff alleges any time a prisoner charged with a sex offender receives mail related to his case, the Department of Corrects uses the excuse of "sexually explicit materials" to refuse to turn over the documents. *Id.* at 4.

Plaintiff alleges that "CRCC staff knew [Plaintiff's] mail was 'legal' in nature and should have treated it as such." ECF No. 3-1 at 5. Plaintiff notes that, when he got his mail rejection notice, CRCC staff had supplied Mr. Staples' Washington State Bar Association Number, indicating CRCC staff had done some research to determine the legitimacy of the sender. ECF No. 3-1 at 5. Plaintiff also alleges the package was legal mail and contained necessary evidentiary support for his motion to withdraw his guilty plea. *Id.* Had he been provided the legal mail, he alleges his criminal appeal would have turned out differently. *Id.* at 5–6. Plaintiff claims he exhausted his administrative remedies before bringing this action. *Id.* at 5.

//

//

//

//

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS – 3

Plaintiff's 42 U.S.C. 1983 allegations, liberally construed, are, that Defendant Tapia, her supervisors, and the Department of Corrections[2] violated Plaintiff's First and Sixth Amendment rights by opening the box outside his presence, violated his right to access the court when they confiscated the contents of the box, and violated his procedural due process rights when staff knowingly disregarded DOC policy. *See generally* ECF No. 3-1. He seeks general and punitive damages, attorney's fees and costs, interest, and any other and further relief the Court deems just and proper. *Id.* at 9.

//

//

---

[2] In his complaint, Plaintiff states that he brings his suit against Defendants in their official and individual capacities. ECF No. 3-1. As there is no waiver of sovereign immunity, Defendants in their official capacities are not "persons" for purposes of 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989). As such, all individual Defendants are entitled to dismissal of all claims brought against them in their official capacity. Similarly, the Department of Corrections, a state agency, is barred from suit under § 1983. *See Krainski v. Nev. ex rel. Bd. of Regents of Nevada's Sys. of Higher Ed.*, 616 F.3d 963, 968 (9th Cir. 2010). As such, it too is entitled to dismissal of the claims against it.

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS – 4

**LEGAL STANDARD**

Like a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999) (citing *Merchs. Home Delivery Serv. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995)). Indeed, "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) . . . ." *Cafasso v. Gen'l Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

As such, in considering a motion for judgment on the pleadings or a motion to dismiss, a court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). And while the court should accept the allegations in the complaint as true, it need not accept legal conclusions or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). However, "[p]ro se complaints are construed liberally and may only be dismissed if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

//

## DISCUSSION

Officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity doctrine "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (citation omitted).

The court evaluates qualified immunity claims using a two-step approach. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part in Pearson v. Callahan*, 555 U.S. 223 (2009). First, the Court must decide if the facts amount to a violation of a constitutional right. *Id.* Second, the Court must decide whether the right was "clearly established" at the time of the alleged misconduct. *Id.* "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). A case directly on point is unnecessary but the constitutional question must be "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Although the Court can address the second prong first, *see Pearson*, 555 U.S. at 236, the Ninth Circuit has cautioned that the Court should do so only when that

approach "will not hamper the development of precedent," *Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022).

### A. Opening the Mail Outside Plaintiff's Presence

Prisoners have both a protected First and Sixth Amendment "interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017). Properly marked legal mail may be scanned, but not read, in the prisoner's presence, for prohibited content and searched for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). And the Ninth Circuit has recognized and emphasized the importance of prisoner's right to have legal mail opened in front of them, as "opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality." *Hayes*, 849 F.3d at 1204 (quoting *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006))(internal quotations omitted). A single instance of a guard reading a prisoner's mail is sufficient to establish a violation of the Sixth Amendment right to counsel, as "[i]t takes no stretch of the imagination to see how an inmate would be reluctant to confide in his lawyer about the facts of the crime, perhaps other crimes, possible plea bargains, and the intimate details of his own life and his family members' lives, if he knows that a guard is going to be privy to them, too." *Nordstrom v. Ryan*, 762 F.3d 903, 910 (9th Cir. 2014). The

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS – 7

interest is also protected by the First Amendment, as "[w]hen a prisoner receives confidential legal mail that has been opened and re-sealed, he may understandably be wary of engaging in future communication about privileged legal matters," including both criminal and civil matters. *Hayes*, 849 F.3d at 1210.

Here, the issue is whether the mail opened by Defendants was "properly marked legal mail." In the "From" section on the front of the envelope, the mail at issue listed "Jeff Staples," "Attorney at Law," and listed an address in Vancouver, Washington. ECF No. 3-1 at 11. To qualify as legal mail in under Washington Department of Corrections policy, the "front of the envelope must be clearly marked as 'legal mail, 'attorney/client,' 'confidential,' or similar." ECF No. 3-1 at 7. Here, Plaintiff argues that the marking "Attorney at Law" falls under the "similar" category.

The Court agrees and finds that, taking Plaintiff's allegations as true, this mail is properly marked legal mail and should have been opened in his presence. For instance, in *Hayes*, the Ninth Circuit treated an "envelope that was 'clearly marked as attorneys at law,'" as legal mail that should have been opened in the presence of the prisoner. *Hayes*, 849 F.3d at 1207–08. Here, Plaintiff's mail was also clearly marked as coming from an attorney, and when Plaintiff got notice of his mail rejection, CRCC staff supplied Mr. Staples' bar association number, indicating it was clear to the staff that this mail was from an attorney. *See* ECF No.

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS – 8

3-1. While this envelope may not have included the labels explicitly designated by the Department of Corrections, denoting "Attorney at Law" is a sufficiently similar marking indicating a communication between an attorney and a client to qualify this mail as legal mail.

However, although the CRCC staff did violate Plaintiff's right to have legal mail opened in his presence, that right was not clearly established at the time, and Defendants are therefore entitled to qualified immunity. The Supreme Court and the Ninth Circuit have thus far not explicitly stated "whether mail clearly sent from a lawyer to an inmate but lacking the 'Legal Mail' designation may be opened outside the presence of the inmate." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended on denial of rehearing by* 135 F.3d 1318 (9th Cir. 1998); *see also Mangiarancina v. Penzon*, 849 F.3d 1191 (9th Cir. 2017) (citing *Keenan* and noting that the Ninth Circuit declined "to decide 'whether mail clearly sent from a lawyer to an inmate but lacking the "Legal Mail" designation may be opened outside the presence of the inmate'"). As such, Defendants are entitled to dismissal of this claim to the extent it is based on the right to have properly marked legal mail opened in the presence of the prisoner.

**B.    Access to Courts**

To establish a claim of prisoner's right of access to the courts, a prisoner is required to show (1) a violation of a constitutional right by defendant that (2) is the

proximate cause of actual prejudice to the prisoner. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103–04 (9th Cir. 2011). "Actual prejudice must be with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343 (1996).

As to the first requirement, inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate. *Lewis*, 518 U.S. at 346; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally "differentiated between two types of access to court claims: those involving prisoners' rights to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Id.* As such, state actors are forbidden from erecting barriers that impede a prisoner's right of access to the courts, lest they deprive a prisoner of their right "to pursue legal redress for claims that have a reasonable basis in law or fact." *Id.* at 1103 (quoting *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004)).

Here, though, Plaintiff can neither show that he was denied access to the Court nor that he suffered injury. Simply, Plaintiff has alleged that the mailing contained "defense-related materials" sent by an attorney was improperly intercepted and destroyed, and that his restraint petition was subsequently "denied due to a lack of 'evidentiary support.'" ECF No. 3-1 at 3–5. Without any specifics about the material and, for example, an allegation that no more copies of the

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS – 10

"defense-related materials" existed, Plaintiff's allegations fall within the realm of the merely possible, not the probable. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). As such, Defendants are entitled to judgment on this claim.

C.  **Procedural Due Process**

In his response, Plaintiff identified that he asserted a procedural due process claim in his complaint. *See* ECF No. 3-1 (alleging Defendants knowingly violated their own procedure and failing to abide by the policy set forth by their own administrative agency). Because the Court liberally construes Plaintiff's complaint and Defendant's motion did not encompass Plaintiff's procedural due process claim, this claim is survives.

D.  **Conclusion**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Judgment on the Pleadings, **ECF No. 9**, is **GRANTED**.

2. However, the Court **DISMISSES** Plaintiff's claims only to the extent they are based in the First and Sixth Amendment right to have legal mail opened in the presence of the prisoner and the right of access of

the courts. Plaintiff's procedural due process claim and Washington state law claims survive.

3. **By no later than November 10, 2022**, Plaintiff shall file a motion to amend and proposed amended complaint expanding on the procedural due process and state law basis for his claims.

4. The Court stayed all pretrial and trial deadlines pending disposition of this motion. ECF No. 20. The undersigned judge is no longer assigned to this case. Once reassigned, parties shall contact the new judge's chambers for a new scheduling order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this 16th day of September 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge