FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICAH NYE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>VICTORIA TAPIA, et al.,<br><br>　　　　　　　Defendants. | No. 4:21-CV-05099-MKD<br><br>ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM |

Before the Court is Plaintiff's First Amended Complaint, ECF No. 32. The Court has reviewed the pleadings and is fully informed.

**BACKGROUND**

Plaintiff is presently incarcerated at the Stafford Creek Corrections Center, serving time related to sex offenses. ECF No. 3-1 at 4. Plaintiff initially filed a complaint in the Superior Court of Washington for Franklin County, alleging that while incarcerated at the Coyote Ridge Corrections Center (CRCC), his constitutional rights were violated when his legal mail was opened and destroyed outside of his presence. ECF Nos. 3-1, 3-2. The mail was not labeled "legal mail"

ORDER DISMISSING CASE - 1

1 but was labeled as being sent by "Jeffrey Staples, Attorney-at-Law." ECF No. 3-1
2 at 4-5. CRCC staff reported the mail was destroyed because it contained "sexually
3 explicit materials" and had an "unknown substance" on it. *Id*. Plaintiff contended
4 the Department of Corrections (DOC) routinely interferes with sex offenders
5 receiving any form of discovery or transcripts and contended that the destruction of
6 the mail interfered with his ability to appeal his criminal charges. *Id.* at 4, 6. The
7 case was removed to this Court on July 6, 2021. ECF No. 1.
8      On March 2, 2022, Defendants filed a Motion for Judgment on the
9 Pleadings. ECF No. 9. The Court dismissed Plaintiff's First and Sixth
10 Amendment claim related to the right to have properly marked legal mail opened
11 in his presence, and his access to the courts claim. ECF No. 22 at 9-11. Plaintiff
12 also alleged Defendants violated the Washington State Constitution and knowingly
13 violated their own policies and procedures in opening and destroying his legal
14 mail. *Id.* at 1-2, 11-12. The Court allowed Plaintiff to file a proposed amended
15 complaint expanding on his procedural due process and state law claims. *Id*.
16      Plaintiff filed a First Amended Complaint, stating it is an "expansion of
17 original complaint." ECF No. 32 at 1. An amended complaint supersedes the
18 original complaint and renders it without legal effect. *Lacey v. Maricopa County*,
19 693 F.3d 896, 927 (9th Cir. 2012). Plaintiff was also instructed to file a motion to
20 amend, with the proposed amended complaint. *Id*. Plaintiff instead filed an

ORDER DISMISSING CASE - 2

1 amended complaint, without a motion. ECF No. 32. Despite the procedural flaws, the Court addresses Plaintiff's Amended Complaint.

The Court notes that while Plaintiff's Amended Complaint lists the Department of Corrections as a defendant, ECF No. 32 at 1, the Court previously found a Section 1983 claim against the Department of Corrections is barred. ECF No. 22 at 4. The claims against the other Defendants in their official capacities is also barred by qualified immunity. *Id.* As such, the analysis of the Amended Complaint considers all claims to be against Defendants Tapia, Hollibaugh, Turner, and Uttech in their individual capacities.

## PRISON LITIGATION REFORM ACT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on*

*other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Therefore, the Court may dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable basis in law and fact. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Liberally construing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## SECTION 1983

Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right,

1  privilege, or immunity protected by the Constitution or laws of the United States.

2  *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person deprives another

3  "of a constitutional right, within the meaning of section 1983, if he does an

4  affirmative act, participates in another's affirmative acts, or omits to perform an act

5  which he is legally required to do that *causes* the deprivation of which [the plaintiff

6  complains]."  *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir.1991)

7  (emphasis and brackets in the original), *abrogated in part on other grounds by*

8  *Farmer v. Brennan*, 511 U.S. 825 (1994).

9        A complaint must set forth the specific facts upon which the plaintiff relies

10 in claiming the liability of each defendant.  *Ivey v. Bd. of Regents of Univ. of*

11 *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Although the standard to evaluate a

12 motion to dismiss is liberal, particularly when the action has been filed *pro se*, a

13 liberal interpretation of a civil rights complaint may not supply essential elements

14 of a claim that the plaintiff initially failed to plead.  *Id*.  Thus, to withstand

15 dismissal on a section 1983 claim, Plaintiff must set forth facts demonstrating how

16 each Defendant caused or personally participated in causing a deprivation of

17 Plaintiff's protected rights.  *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350,

18 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

19

20

## PLAINTIFF'S ALLEGATIONS

Plaintiff contends Defendants violated his Washington Constitutional rights and his procedural due process rights by failing to follow DOC policies when they opened his legal mail outside of his presence, and destroyed it prior to notifying him of the destruction. ECF No. 32 at 8. Plaintiff contends the destroyed mail contained defense-related documents, related to his criminal charges, which he had requested be sent to him by Jeffrey Staples, an attorney who represented Plaintiff in his criminal case. *Id.* at 2-3. At the time the mail was sent, Plaintiff had pleaded guilty, and he wanted to withdraw his guilty plea. ECF 32 at 2. Plaintiff appears to indicate he was pursuing his case *pro se*. *Id.* The materials sent by Mr. Staples were rejected and destroyed because it contained sexually explicit material and had an unknown substance on it. *Id.* at 2-3. When Plaintiff appealed the mail rejection, he states he was notified the rejection was upheld, but the notification was not signed nor dated. *Id.* He contends the lack of name and date calls "into question if the due process to reject mail even happened." *Id.* Plaintiff contends he was notified his mail was destroyed "much later." *Id.*

## STATE CONSTITUTIONAL CLAIMS

Plaintiff contends Defendants violated his Washington state Constitutional due process, equal protection, and access to courts rights. ECF No. 32 at 1-2. Section 1983 does not provide a cause of action for violations of state

ORDER DISMISSING CASE - 6

1  constitutional rights.  *Peltier v. Sacks,* 328 F.Supp.3d 1170, 1184-85 (W.D. Wash.

2  2018).  While Plaintiff generally alleges Defendants violated his due process,

3  access to courts, and equal protection rights under the Washington Constitution, he

4  does not elaborate on how his state constitutional rights were violated.  Plaintiff

5  also states he expanded on the "state negligence claims." ECF No. 32 at 1.  To the

6  extent Plaintiff's claim could be construed as a state law tort claim, Defendants are

7  entitled to broad immunity from state tort claims under the Westfall Act.  *United*

8  *States v. Smith*, 499 U.S. 161, 163 (1991).  Plaintiff has failed to state a

9  Washington state law claim.

## DUE PROCESS CLAIM

11  Plaintiff contends Defendants violated his procedural due process rights by

12  failing to follow DOC policies when opening and destroying his legal mail outside

13  of Plaintiff's presence.  ECF No. 32.  The Fifth Amendment ensures that no one

14  shall be "deprived of life, liberty or property without due process of law." U.S.

15  Const. amend. V.  Due process is applied to the States through the Fourteenth

16  Amendment. U.S. Const. amend. XIV.  Courts apply a two-step analysis to

17  procedural due process claims.  *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir.

18  2002).  First, the court considers whether there was a deprivation of a

19  constitutionally protected property or liberty interest.  *Id.*  If the court finds a

20

1  protected interest, the court then considers whether there was a denial of adequate
2  procedural protections. *Id.*
3  Plaintiff contends Defendants violated the legal mail Policy contained in
4  DOC Policy 450.100. ECF No. 32 at 3. The legal mail policy states the mail must
5  be correspondence from one of the listed individuals, which includes "the attorney
6  of record" in court cases that have been filed in a local, state, or federal court. ECF
7  No. 32 at 16-18; DOC Policy 450.100, https://perma.cc/84N2-NXMB. Mr. Staples
8  was the attorney of record in Plaintiff's criminal case. ECF No. 32 at 2. However,
9  the policy also states legal mail must be clearly marked "legal mail,"
10 "attorney/client," "confidential," or similar. DOC Policy 450.100. The mail from
11 Mr. Staples did not contain a label indicating it was legal mail, nor confidential.
12 ECF No. 3-1. The mail had a return label stating it was from Jeffrey Staples,
13 attorney at law. *Id.* A stamp on it says: "Not Marked Legal." *Id.* The Court
14 previously found the marking of "Attorney at Law" fell under the "similar"
15 category and thus it was properly marked legal mail and should have been opened
16 in Plaintiff's presence. ECF No. 22 at 8. Thus, Plaintiff has alleged facts
17 demonstrating Defendants failed to follow DOC Policy 450.100 regarding
18 identifying and opening legal mail in Plaintiff's presence.
19 Next, Plaintiff contends Defendants failed to follow DOC Policy 450.100 by
20 destroying the mail. ECF No. 32 at 5-6. The policy states the Headquarters

Correctional Manager will review rejection notices and appeal requests, if filed, to uphold or reverse the action taken by the Superintendent/designee. DOC Policy 450.100. A copy of the Rejection Notice, or equivalent notice for electronic messages, must be provided to the individual/sender of the decision. *Id.* The individual is responsible for arranging disposal of unauthorized incoming mail within 30 days of the final decision; if the individual does not make arrangements within 30 days, the mail will be destroyed. *Id.* Additionally, exceptions may be made for incoming mail to be held for a lawsuit/tort claim if the individual submits a written request within the 30 days, and an extension up to 90 days may be allowed for the individual to provide proof that a lawsuit/tort claim has been filed. *Id.*

Plaintiff received a notification the mail was rejected on September 18, 2018. ECF No. 32 at 14. The notification states the materials had an "oil like stain of an unknown substance contaminating all contents" and "[c]ontents also include graphic sexually explicit material." *Id.* Plaintiff contends Defendant Tapia destroyed the mail sooner than the 30-day waiting period required, and relies on Defendants' Motion for Judgment on the Pleadings in support of his contention. ECF No. 32 at 5-6. Defendants' motion stated "Defendant Tapia notified Nye that the box had been rejected, and then she destroyed its contents." ECF No. 9 at 2. Plaintiff contends the statement is an admission that Defendants did not give

1  Plaintiff due process to appeal the rejection prior to destroying the mail.  ECF No.
2  32 at 6.  However, Defendants statement does not say when the mail was
3  destroyed.  Plaintiff does not give any further explanation as to when the mail was
4  destroyed, and he does not allege that he tried to make arrangements for the mail
5  contents, nor that he requested the mail not be destroyed due a lawsuit.  Further,
6  Plaintiff was able to appeal the rejection, and the rejection was upheld.  ECF No.
7  32 at 14.  Plaintiff has not set forth facts that demonstrate Defendants violated
8  DOC policy when destroying the mail at issue.
9       Plaintiff also contends DOC Policy 450.100 was violated because the policy
10  that lays out how a mailroom supervisor must handle contraband or illegal items
11  was not followed.  ECF No. 32 at 6.  The Policy states the mailroom supervisor
12  will ensure: 1) the rejection process is initiated; 2) photocopies of the original mail
13  are placed in evidence; and 3) the disciplinary process is initiated per DOC Policy
14  460.000.  ECF No. 32 at 6.  Plaintiff concedes the rejection process was initiated.
15  *Id.*  He states the remainder of the process did not occur but offers no further
16  explanation.  *Id.*  Defendants contend the contents were photocopied, ECF No. 33
17  at 10, and Plaintiff does not offer an explanation as to the basis of his belief that
18  the contents were not photocopied.  Defendants conceded Plaintiff was not
19  disciplined, *id.*, but Plaintiff has not alleged that this was a situation that required
20

ORDER DISMISSING CASE - 10

1  disciplinary proceedings.  Plaintiff has not demonstrated DOC Policy 450.100 was

2  violated regarding the supervisor's handling of the mail.

3  Plaintiff also contends Defendants violated DOC Policy 590.500.  ECF No.

4  32 at 4.  Plaintiff alleges Defendants interfered with his ability to meaningfully

5  access the courts, by denying him access to his client file.  *Id.*  Plaintiff cites to

6  subsection "(1)(A)(1) actions related to their sentence and/or confinement."  *Id.*

7  Plaintiff appears to be citing to (1)(A)(2)(a) which states incarcerated individuals

8  will be given the opportunity to research and prepare legal matters for actions

9  related to their sentence and/or confinement, including county jail time.  DOC

10  Policy 590.500, https://perma.cc/FF2S-47JU.  This Court previously found

11  Plaintiff had not demonstrated that Defendants interfered with Plaintiff's access to

12  the court.  ECF No. 22 at 9-11.  Plaintiff contends a transcript was needed, which

13  was destroyed in the mailed materials, but Plaintiff again does not contend that no

14  further copies of the transcript were available.  ECF No. 32 at 4-5.  The letter from

15  Mr. Staples also states, "enclosed are the materials I have in my file, including

16  transcripts, miscellaneous documents and redacted discovery that was previously

17  provided to you."  *Id.* at 23.  It is not clear if all the file materials were previously

18  provided, but the letter indicates at least some of the materials had already been

19  provided to Plaintiff.  Further, Plaintiff concedes that he later obtained a new copy

20  of his file.  ECF No. 32 at 8.  Plaintiff has not demonstrated that Defendants

ORDER DISMISSING CASE - 11

interfered with his ability to research and prepare legal matters for actions related to his sentence/confinement.

Plaintiff also contends Defendants violated DOC Policy 420.375. ECF No. 32 at 9. However, Plaintiff only referenced Policy 420.375 when discussing Policy 450.100. *Id.* at 6. Thus, Plaintiff has not demonstrated Defendants violated Policy 420.375. Plaintiff also contends defendants violated Policy 460.000. ECF No. 32 at 9. Plaintiff does not elaborate on this claim. Plaintiff has not demonstrated Defendants violated Policy 460.000.

Although Plaintiff has alleged sufficient facts that demonstrate Defendants violated DOC Policy 450.100 regarding the opening of his legal mail outside of his presence, the mere failure to follow prison policies is not a constitutional violation. *See Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009). There is no Section 1983 liability for violating prison policy; rather, Plaintiff must prove the official violated a constitutional right. *Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Plaintiff has a First and Sixth Amendment interest in his legal mail. *Nordstrom v. Ryan (Nordstrom I),* 762 F.3d 903, 909 (9th Cir. 2014); *Hayes v. Idaho Corr. Ctr.,* 849 F.3d 1204, 1211 (9th Cir. 2017). However, Plaintiff has not demonstrated his First or Sixth Amendment rights were violated when Defendants failed to identify the mail as legal mail and opened it outside of his presence.

1    First, Plaintiff has not alleged anything beyond negligence.  Negligence is not enough to show a violation of constitutional rights sufficient to state a Section 1983 claim, thus a single incidence of inadvertently opening of a prisoner's legal mail usually does not support a Section 1983 claim.  *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989); *see, e.g. Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (isolated incident of opening legal mail without evidence of improper motive or resulting interference with access to courts or right to counsel does not support a claim); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening one piece of legal mail in error does not rise to level of constitutional violation).

   Plaintiff has set forth facts demonstrating his legal mail was opened on only one occasion, when it was not labeled "legal mail."  ECF No. 32.  Plaintiff previously alleged he also received several pieces of mail from courts and court reporters that were not treated as legal mail.  ECF No. 3-2 at 6-7.  However, the First Amendment does not prohibit opening mail from the courts outside the recipient's presence.  *See Hayes,* 849 F.3d at 1211.  Plaintiff contends there has been ongoing interference with "discovery or transcripts" related to their sex offenses.  ECF No. 32 at 9; ECF No. 3-2 at 3.  Plaintiff does not contend there has been ongoing interference with properly labeled legal mail, nor does he provide

facts related to any specific incidences of the alleged interference. As such, Plaintiff has not alleged any more than negligence.

Additionally, Plaintiff has not demonstrated that the opening of his legal mail outside of his presence caused an actual injury. An allegation that Defendants interfered with his access to the courts is insufficient; Plaintiff must allege an actual injury related to an inability to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Plaintiff again has only alleged he was deprived of his defense-related materials from his client file, however he does not allege that no further copies were available. ECF No. 32. As this Court previously found, Plaintiff has not demonstrated an injury related to his access to the courts. ECF No. 22 at 10-11. While Plaintiff cites *Nordstrom* to support the contention that a guard reading legal mail may be sufficient to establish a violation of the Sixth Amendment right to counsel, ECF No. 32 at 3, the case is distinguishable. In *Nordstrom,* the court was considering a guard's interference when reading the inmate's outgoing mail to his attorney. *Nordstrom v. Ryan,* 762 F.3d 903, 910 (9th Cir. 2014). The properly labeled legal mail was read by the guards, thus potentially chilling communication between the attorney and client about the inmate's case. *Id.*

Here, Plaintiff does not allege Defendants interfered with his attorney-client relationship with Mr. Staples. As discussed *supra,* Mr. Staples was not

ORDER DISMISSING CASE - 14

1  representing Plaintiff at the time he mailed the mail at issue.  The mail was not
2  marked legal mail, and though it was mistakenly opened despite the marking as
3  being from an attorney, the mail was contaminated with an unknown substance and
4  thus would have been rejected even if opened in Plaintiff's presence.  Plaintiff was
5  also able to communicate with Mr. Staples and receive another copy of the file.
6  There is no evidence Plaintiff's ability to communicate with an attorney was
7  chilled by a single incident of negligently opened legal mail that was disposed of
8  due to contamination.  Therefore, Plaintiff has failed to state a due process claim.

## OTHER CLAIMS

10  Plaintiff's amended complaint addresses his claims regarding the mail being
11  opened outside of his presence, and his access to the courts claim, ECF No. 32,
12  which this Court already dismissed, ECF No. 22.  The Court found Defendants
13  were entitled to qualified immunity for the claims.  ECF No. 22.  Plaintiff filed a
14  motion for relief from judgment, ECF No. 26, which was denied, ECF No. 31.
15  Filing an amended complaint does not give Plaintiff the opportunity to relitigate
16  properly dismissed claims.  As such, the Court declines to readdress these claims.
17  Plaintiff's amended complaint also alleges an equal protection violation.
18  ECF No. 32 at 2.  Plaintiff does not expand on the claim.  The Court notes that
19  neither Plaintiff's status as a prisoner, indigent, nor his classification based on his
20  crime, qualifies him for a protected or suspect class under the equal protection

ORDER DISMISSING CASE - 15

clause. *See Kaummerling v. Lappin*, 553 F.3d 669, 685 (D. Cir. 2008); *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000); *Dickeron v. Lakecsa,* 812 F.2d 1116, 1119 (1st Cir. 1989); *Carson v. Johnson,* 112 F.3d 818, 821 (5th Cir. 1997). Without any explanation regarding the claim, Plaintiff has failed to state an equal protection claim.

**IT IS ORDERED:**

1. Plaintiff's Amended Complaint, **ECF No. 32**, is **DISMISSED with Prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

2. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, provide copies to the parties, and close the file.

DATED June 30, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING CASE - 16